IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB 1 5 2006

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

TISHCON CORP.,

      Plaintiff,

v.

CIVIL ACTION NO.

1:04-CV-524-JEC

SOUNDVIEW COMMUNICATIONS, INC.,
ROBERT JAY ROWEN, M.D., NAN
KATHRYN FUCHS, PH.D., GARRET W.
WOOD, AND SOUNDVIEW
PUBLICATIONS, INC., d/b/a
HEALTHY RESOLVE,

      Defendants.

## O R D E R

This case is presently before the Court on Plaintiff Tishcon Corporation's Motion for Partial Summary Judgment on Defendants' Liability [74]; Plaintiff Tishcon Corporation's Motion for Partial Summary Judgment on Defendants' Counterclaim [77]; Defendants Soundview Publications, Inc. (d/b/a Healthy Resolve), Garret W. Wood, and Soundview Communications, Inc.'s Motion for Partial Summary Judgment [87]; Nan Kathryn Fuchs, Ph.D.'s and Dr. Robert Jay Rowen, M.D.'s Motion for Partial Summary Judgment [88]; Defendants Soundview Communications, Inc.'s and Soundview Publications, Inc.'s Motion to Strike Declaration of Peter D. Aufrichtig, Esq. and to Exclude Hearsay Documents Submitted in Conjunction with Plaintiff's Motion

AO 72A
(Rev.8/82)

for Partial Summary Judgment on Defendants' Counterclaim [94]; Defendants' Motion to Strike Declaration of Peter D. Aufrichtig and to Exclude Hearsay Documents [100]; AND Defendants' Motion to Strike the Declarations and Expert Testimony of Raj K. Chopra, Edward P. Norkus and Rajindar S. Sohal [124].

The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that Plaintiff Tishcon Corporation's Motion for Partial Summary Judgment on Defendants' Liability [74] should be **DENIED**; Plaintiff Tishcon Corporation's Motion for Partial Summary Judgment on Defendants' Counterclaim [77] should be **DENIED**; Defendants Soundview Publications, Inc. (d/b/a Healthy Resolve), Garret W. Wood, and Soundview Communications, Inc.'s Motion for Partial Summary Judgment [87] should be **DENIED**; Nan Kathryn Fuchs, Ph.D.'s and Dr. Robert Jay Rowen, M.D.'s Motion for Partial Summary Judgment [88] should be **DENIED**; Defendants Soundview Communications, Inc.'s and Soundview Publications, Inc.'s Motion to Strike Declaration of Peter D. Aufrichtig, Esq. and to Exclude Hearsay Documents Submitted in Conjunction with Plaintiff's Motion for Partial Summary Judgment on Defendants' Counterclaim [94] should be **GRANTED in part and DENIED in part**; Defendants' Motion to Strike Declaration of Peter D. Aufrichtig and to Exclude Hearsay Documents [100] should be **GRANTED in part and**

2

**DENIED in part**; AND Defendants' Motion to Strike the Declarations and Expert Testimony of Raj K. Chopra, Edward P. Norkus and Rajindar S. Sohal [124] should be **GRANTED**.

<u>**BACKGROUND**</u>

Plaintiff, Tishcon Corp. ("Tishcon"), manufactures a kind of supplement called Coenzyme $Q_{10}$ ("CQ"). (Pl.'s Mem. of Law in Supp. of its Mot. for Partial Summ. J. on Defs.' Liability ("Summ. J. Defs.' Liability") [74] at 2.)    Plaintiff manufactures its formulation of CQ under the brand name Q-GEL® ("Q-GEL"). (*Id.*) Plaintiff brings this action against defendants Soundview Communications, Inc. ("Soundview Communications"), Robert Jay Rowen, M.D. ("Rowen"), Nan Kathryn Fuchs, Ph.D. ("Fuchs"), Garret W. Wood ("Wood"), and Soundview Publications, Inc. d/b/a Healthy Resolve ("Soundview Publications").  Like plaintiff, defendants are involved in the sale and marketing of CQ, albeit competing formulations. (Defs. Soundview Publications, Inc. (d/b/a Healthy Resolve), Garret W. Wood, and Soundview Communications, Inc.'s Mot. for Partial Summ. J. ("Soundview Summ. J.") [87] at 2-4.)  However, unlike plaintiff, none of the defendants actually manufacture CQ. (*Id.*)

Instead, defendant Soundview Publications purchases its CQ formulation from a third-party manufacturer not named as a defendant to this action and then resells that product directly to individual consumers through certain health newsletters. (*Id.*)  Defendant

3

Soundview Communications is the management company for Soundview Publications and also publishes the health newsletters which Soundview Publications uses as a vehicle to advertise its CQ supplement. Defendant Fuchs edits one of these health newsletters called *Women's Health Letter*. (*Id.* at 4.) Defendant Rowen edits another one of these health newsletters called *Second Opinion*. (*Id.*) Defendant Wood is a principal corporate officer of both Soundview Communications and Soundview Publications. (*Id.*)

Plaintiff contends that defendants have made false statements in inserts and newsletters distributed to third parties about the CQ formulation defendants distribute thereby, directly and by implication, making false statements about plaintiff's own Q-GEL. (Summ. J. Defs.' Liability at 2.) The bulk of the statements at issue concern the relative solubility of the competing CQ formulations; plaintiff refers to this issue as "bioavailability." (*Id.* at 3.) Plaintiff seeks to recover for false advertising in interstate commerce in violation of the Lanham Act, 15 U.S.C. § 1125(a) (2005), as well as for state common law violations. (*See id.* at 13.)

This case is presently before the Court on four separate motions for partial summary judgment. Plaintiff has filed two motions for partial summary judgment: one for partial summary judgment [74] as to defendants' liability on plaintiff's claims and one for partial

4

summary judgment [77] as to defendants' counterclaims against the plaintiff.  The Soundview defendants have filed a motion for partial summary judgment [87] as to plaintiff's claim for recovery of attorney's fees and profits as well as plaintiff's state common law claims and defendants Fuchs and Rowen have filed a separate motion for partial summary judgment [88] as to plaintiff's claims.

## DISCUSSION

Of great significance to the Court's consideration of the above summary judgment motions are the defendants' motions to strike.  The first two motions to strike [94,100] seek to strike two declarations of plaintiff's counsel, Peter D. Aufrichtig, and to exclude the allegedly hearsay documents that he attempts to introduce through these declarations. Aufrichtig's Declaration was filed in support of plaintiff's motion for partial summary judgment on defendants' liability and plaintiff's motion for partial summary judgment on defendants' counterclaim.

Plaintiff apparently perceived some merit in defendants' motion to strike its counsel's declaration, because after the latter motion was filed, plaintiff attached declarations of three new witnesses in its reply briefs on its two motions for summary judgment.   This proffer of new evidence in a reply brief prompted the defendants to file their second motion to strike, which motion endeavored to strike the declarations of these newly-added witnesses.

5

The Court begins by addressing the pending motions to strike, as the outcome of these motions determines the evidence before the Court on the pending summary judgment motions.

## I.   Motions to Strike Declarations of Peter D. Aufrichtig

Defendants Soundview Communications, Inc.'s and Soundview Publications, Inc.'s Motion to Strike Declaration of Peter D. Aufrichtig, Esq. and to Exclude Hearsay Documents Submitted in Conjunction with Plaintiff's Motion for Partial Summary Judgment on Defendants' Counterclaim [94] is a motion to strike the declaration of Mr. Aufrichtig that is attached to Plaintiff's Memorandum of Law in Support of its Motion for Partial Summary Judgment on Defendants' Counterclaim ("Summ. J. Defs.' Counterclaim") [77]. Defendants' Motion to Strike Declaration of Peter D. Aufrichtig and to Exclude Hearsay Documents [100] is a motion to strike a different declaration of Mr. Aufrichtig that is attached to Plaintiff's Memorandum of Law in Support of its Motion for Partial Summary Judgment on Defendants' Liability [74].   Though the two declarations are different, defendants' grounds for striking them are the same, so the Court will address the pending motions to strike Mr. Aufrichtig's declarations together.

Defendants argue that Mr. Aufrichtig's declarations should be struck for two reasons.   First, defendants argue that Mr. Aufrichtig's unsworn declarations fail to comply with 28 U.S.C. §

6

1746. (Defs. Soundview Communications, Inc.'s and Soundview Publications, Inc.'s Mot. to Strike Decl. of Peter D. Aufrichtig, Esq. and to Exclude Hearsay Docs. Submitted in Conjunction with Pl.'s Mot. for Partial Summ. J. on Defs.' Counterclaim ("Soundview Strike") [94] at 2; Defs.' Mot. to Strike Decl. of Peter D. Aufrichtig and to Exclude Hearsay Docs. (Defs.' Strike") [100] at 2.) Second, defendants contend that Mr. Aufrichtig's declarations contain statements about matters not within his personal knowledge. (Soundview Strike at 2; Defs.' Strike at 5.)

## A. Verification Pursuant to 28 U.S.C. § 1746

When ruling on summary judgment, the Court may consider pleadings, depositions, answers to interrogatories, admissions on file, and affidavits submitted by the parties. *See* FED. R. CIV. P. 56(c). An affidavit is, "[a] voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths, such as a notary public." Black's Law Dictionary 62 (8th ed. 1990). Pursuant to 28 U.S.C. § 1746, for purposes of summary judgment, an unsworn declaration may be given the same force and effect as an affidavit if it is signed and dated and includes language in substantially the following form, "'I declare (or certify, verify, or state) under penalty of perjury . . . that the foregoing is true and correct. Executed on (date). (Signature).'" 28 U.S.C. § 1746 (2005).

AO 72A
(Rev.8/82)

Here, Mr. Aufrichtig's declarations have not been notarized and do not contain the language spelled out in 28 U.S.C. § 1746. Instead, both of Mr. Aufrichtig's declarations start with the statement, "Peter D. Aufrichtig, Esq., an attorney admitted to practice in this case, hereby declares under penalties of perjury the following . . ." and end with Mr. Aufrichtig's electronic signature. Defendants argue that plaintiff's omission of the "true and correct" language constitutes a complete failure to comply with 28 U.S.C. § 1746, precluding the Court from giving Mr. Aufrichtig's declarations the same effect as an affidavit. (Defs. Reply Br. in Supp. of Mots. to Strike Decls. of Peter D. Aufrichtig and to Exclude Hearsay Docs. ("Reply Strike") [127] at 3-4.)  Plaintiff counters by insisting that a declaration made under penalty of perjury satisfies the requirements of 28 U.S.C. § 1746. (Pl.'s Mem. of Law in Opp'n to Defs.' Mots. to Strike the Declarations of Peter D. Aufrichtig and to Exclude Hearsay Docs. ("Opp'n Strike") [114] at 3.)

In fact, though neither party has cited nor has the Court located any authority from the Eleventh Circuit, other courts considering this issue have come out both ways.  In *Smith v. Muscatell*, 106 B.R. 307, 309 (Bankr. M.D. Fla. 1989), the United States Bankruptcy Court for the Middle District of Florida, recognizing that 28 U.S.C. § 1746 does not mandate strict compliance with the exemplary clause provided in the statute, nevertheless

8

rejected a declaration made "under the penalty of perjury" precisely because the declarant failed to declare his statement to be "true and correct". *Id.* The *Smith* court concluded, "[a]lthough Trustee signed the unsworn declaration under the penalty of perjury, . . . 'he never declared his statement to be true and correct, therefore his "affidavit" must be disregarded as summary judgment proof.'" *Id.* (internal citations and quotations omitted). More recently, the Second Circuit, faced with a factual scenario substantially similar to that presented in *Smith* and in this case, held differently, concluding that a unsworn letter signed with the statement, "under penalty of perjury, I make the statements contained herein," satisfied the requirements of 28 U.S.C. § 1746 and could be considered on summary judgment. *LeBoeuf, Lamb, Greene & MacRae, LLP v. Worsham*, 185 F.3d 61, 65-66 (2d Cir. 1999). Interestingly, both cases cite to the same case, *Nissho-Iwai American Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988),[1] in support of their opposite outcomes.

Though all of this could have been avoided simply by plaintiff's

---

[1]    The *Nissho-Iwai* case does not really aid the Court in its decision today.   In *Nissho-Iwai*, the court rejected as competent summary judgment evidence an "affidavit" that was "neither sworn nor its contents stated to be true and correct nor stated under penalty of perjury." 845 F.2d at 1305-06 (emphasis added).   Here, the declarations at issue have been made under penalty of perjury,  and are only missing the "true and correct" statement.

AO 72A
(Rev.8/82)

use, verbatim, of the language set out in 28 U.S.C. § 1746, the Court is persuaded by the reasoning of the Second Circuit and concludes that Mr. Aufrichtig's use of the phrase, "hereby declares under penalties of perjury the following," is sufficient to satisfy 28 U.S.C. § 1746. By signing a statement under penalty of perjury, Mr. Aufrichtig has signaled that he understands the legal significance of his statements and the potential for punishment if he lies. *See, e.g., U.S. v. Bueno-Vargas*, 383 F.3d 1104, 1111 (9th Cir. 2004). In sum, absent any other objection, Mr. Aufrichtig has evinced his intention to submit sworn declarations, which the Court will accept as such and treat as affidavits for purposes of ruling on summary judgment. *See U.S. v. Four Parcels of Real Property*, 941 F.2d 1428, 1444 n.36 (11th Cir. 1991)(indicating that on summary judgment, a court may consider a declaration executed in accordance with 28 U.S.C. § 1746 as an affidavit).

### B.   Affidavits Made on Personal Knowledge

Apart from the 28 U.S.C. § 1746 issue, however, defendants have also objected to the Court's use of Mr. Aufrichtig's declarations on the grounds that Mr. Aufrichtig swears to matters outside the scope of his personal knowledge and competency. (Soundview Strike at 2.) In response, plaintiff maintains that Mr. Aufrichtig has personal

10

knowledge of the studies and articles which he seeks to authenticate.[2]

Federal Rule of Civil Procedure 56(e) governing the form of affidavits provides:

> Supporting and opposing affidavits <u>shall be made on personal knowledge</u>, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits . . .

FED. R. CIV. P. 56(e) (emphasis added).  Consequently, on summary judgment, the Court does not accept testimony that is not based on personal knowledge. *See Citizens Concerned About Our Children v. School Bd. of Broward Cty., Fla.*, 193 F.3d 1285, 1295 n.11 (11th Cir. 1999).  Declarations or affidavits not based on personal knowledge are subject to a timely motion to strike such as the ones made here by defendants. *See Richardson v. Oldham*, 12 F.3d 1373, 1378 (5th Cir. 1994).

According to plaintiff's response, Mr. Aufrichtig, by virtue of

---

[2]   Plaintiff also argues that it has rectified any potential evidentiary defects in its use of Mr. Aufrichtig's declarations by filing three new declarations, one each from Mr. Raj Chopra, Dr. Edward Norkus, and Dr. Rajindar Sohal. (Opp'n Strike at 3-4.) As noted, the submission of these three new declarations triggered defendants' filing of Defendants' Motion to Strike the Declarations and Expert Testimony of Raj K. Chopra, Edward P. Norkus and Rajindar S. Sohal [124], which the Court will separately address later in this Order.

his representation of plaintiff in a number of other false advertising lawsuits related to the products at issue in this case, has significant personal knowledge of the studies and articles he seeks to authenticate. (Opp'n Strike at 4.) Indeed, Mr. Aufrichtig is an attorney of record for plaintiff in this case. Given Mr. Aufrichtig's status as the attorney for a party in this case, the Court thus begins its inquiry into whether Mr. Aufrichtig has the requisite personal knowledge needed to introduce the studies and articles attached to his declaration cognizant of the long-standing principle in this circuit that,

> we doubt that the disposition of [] cases is furthered by counsel being the personal vehicle by which the 'undisputed' facts are put before the Court. We consider it a tribute to the high calling of advocacy to say that we think it an unnatural, if not virtually impossible, task for counsel, in his own case, to drop his garments of advocacy and take on the somber garb of an objective fact-stater . . . we doubt that it is conducive to the orderly administration of justice for counsel to become the voice on summary judgment . . . Experience proves that the adversary system functions best when the role of Judge, of counsel, of witness is sharply separated.

*Inglett & Co, Inc. v. Everglades Fertilizer Co., Inc.*, 255 F.2d 342, 349-50 (5th Cir. 1958).[3] As noted by the Seventh Circuit, while "[t]he use of affidavits by counsel is in certain carefully confined

---

[3] Decisions of the former Fifth Circuit rendered prior to October 1, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

12

situations undoubtedly appropriate . . . it is a tactic fraught with peril . . ." *Friedel v. City of Madison*, 832 F.2d 965, 970 (7th Cir. 1987).

    1.    **Declaration of Mr. Aufrichtig Attached to Plaintiff's Memorandum of Law in Support of its Motion for Partial Summary Judgment on Defendants' Counterclaim [77]**

Turning first to the declaration of Mr. Aufrichtig that is attached to Plaintiff's Memorandum of Law in Support of its Motion for Partial Summary Judgment on Defendants' Counterclaim [77], the Court concludes that, with the exception of paragraphs 1, 7, and 33, Mr. Aufrichtig lacks personal knowledge of the evidence that plaintiff seeks to submit through paragraphs 2-6 and 8-32 of Mr. Aufrichtig's declaration. To have personal knowledge means more than to have been told that something is what it purports to be or to have collected the information from one's client. Personal knowledge is to know as a matter of first-hand knowledge, a document's source or authenticity.

In limited circumstances, such knowledge may be inferred from a document's content. For example, paragraph 1 of Mr. Aufrichtig's declaration states "Exhibit 1 is a copy of the Amended Complaint in this action." As he is plaintiff's counsel, the Court infers Mr. Aufrichtig's personal knowledge of the Complaint in this case.[4] Such

_____

    [4] The Court also infers from the contents of the documents Mr. Aufrichtig's personal knowledge of the material referenced in

13

an inference however, cannot be made for the patent nor the myriad of academic articles, studies, Tishcon advertisements, and copies of the Tishcon website that plaintiff attempts to introduce via the rest of Mr. Aufrichtig's declaration.  While several of the articles attached to Mr. Aufrichtig's declaration appear to be what Mr. Aufrichtig claims them to be, other studies, articles, and advertisements attached to Mr. Aufrichtig's declaration look like something that was printed off of a home computer.

The inherent difficulty associated with identifying photocopies of articles, studies, and advertisements is precisely why, "[t]o be considered by the court, 'documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence.'" *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550-51 (9th Cir. 1990).  It is not the job of the Court to guess or make assumptions about what these documents really are, nor should a Court do so.  If plaintiff wanted the Court to consider on summary judgment the patent, articles, studies, advertisements, and portions of the website it attached to Mr. Aufrichtig's declaration, it was plaintiff's responsibility to produce an affiant with personal knowledge of these materials.  Mr.

paragraphs 7 (answer and counterclaim) and 33 (copies of deposition pages) of Mr. Aufrichtig's declaration.

Aufrichtig is not that affiant.  Consistent with the above, the Court strikes paragraphs 2-6 and 8-32 of Mr. Aufrichtig's declaration, and the materials attached thereto.  As to these paragraphs, the Court **GRANTS** Defendants Soundview Communications, Inc.'s and Soundview Publications, Inc.'s Motion to Strike Declaration of Peter D. Aufrichtig, Esq. and to Exclude Hearsay Documents Submitted in Conjunction with Plaintiff's Motion for Partial Summary Judgment on Defendants' Counterclaim [94].  As to paragraphs 1, 7, and 33, the Court **DENIES** Defendants Soundview Communications, Inc.'s and Soundview Publications, Inc.'s Motion to Strike Declaration of Peter D. Aufrichtig, Esq. and to Exclude Hearsay Documents Submitted in Conjunction with Plaintiff's Motion for Partial Summary Judgment on Defendants' Counterclaim [94].

> 2.    **Declaration of Mr. Aufrichtig Attached to Plaintiff's Memorandum of Law in Support of its Motion for Partial Summary Judgment on Defendants' Liability [74]**

Defendants have also challenged the declaration of Mr. Aufrichtig that is attached to Plaintiff's Memorandum of Law in Support of its Motion for Partial Summary Judgment on Defendants' Liability [74].  This declaration is similar in content to the declaration attached to Plaintiff's Memorandum of Law in Support of its Motion for Partial Summary Judgment on Defendants' Counterclaim [77], but lengthier and with additional attachments.  As to this declaration, the Court likewise concludes that Mr. Aufrichtig lacks

15

personal knowledge of the evidence which plaintiff seeks to submit through paragraphs 2-24, 32, 34-35, 39, 45-46, 48, and 50.  Each of these paragraphs is a statement about an article, scientific abstract, study, book excerpt, advertisement, or test result that is attached to Mr. Aufrichtig's declaration.  As to each of these scientific items, there is no evidence, nor is it reasonable to infer that Mr. Aufrichtig has the requisite personal knowledge.  Similarly, it cannot be reasonably inferred by the fact that he is plaintiff's lawyer that Mr. Aufrichtig has personal knowledge of plaintiff's advertisements.  Consistent with the above, the Court strikes paragraphs 2-24, 32, 34-35, 39, 45-46, 48, 50, and the material attached thereto.  As to these paragraphs, the Court **GRANTS** Defendants' Motion to Strike Declaration of Peter D. Aufrichtig and to Exclude Hearsay Documents [100].

In contrast, the Court accepts, as based upon Mr. Aufrichtig's personal knowledge, paragraphs 1, 25-31, 33, 36-38, 40-44, 47, 49, 51-53, and the material attached thereto of Mr. Aufrichtig's declaration.  These paragraphs reference pleadings in this case and excerpts from deposition transcripts in this case for which it is reasonable to infer Mr. Aufrichtig's personal knowledge.  Accordingly, as to these paragraphs the Court **DENIES** Defendants' Motion to Strike Declaration of Peter D. Aufrichtig and to Exclude Hearsay Documents [100].

16

**II.  Motion to Strike Declarations of Raj K. Chopra, Edward P. Norkus, and Rajindar S. Sohal**

In response to defendants' motions to strike the declarations of Mr. Aufrichtig and to exclude hearsay documents referenced therein, see discussion *supra*, plaintiff submitted the declarations of Raj K. Chopra ("Chopra"), Edward P. Norkus ("Norkus"), and Rajindar S. Sohal ("Sohal") as an alternative means of introducing many of the same materials attached to Mr. Aufrichtig's two declarations.  Defendants object to the introduction of these declarations and the materials attached thereto as untimely, under Rule 6(d) of the Federal Rules of Civil Procedure, and as inadmissible, undisclosed expert testimony in violation of Rule 701 of the Federal Rules of Evidence and Rule 26 of the Federal Rules of Civil Procedure. (Defs. Br. in Supp. of Mot. to Strike the Decls. and Expert Testimony of Raj K. Chopra, Edward P. Norkus and Rajindar S. Sohal ("Strike CNS") [124] at 2-3.) Defendants ask the Court to strike the declarations and, ultimately, the expert testimony of all three of these individuals. (*Id.*) Finally, defendants object to the "updated" statement of material facts filed by plaintiff which purports not to change the substance of plaintiff's initial statement of undisputed facts, but, instead, merely to add citations to the previously undisclosed Chopra, Norkus, and Sohal declarations. (*Id.* at 3.)

In response, plaintiff avers that the challenged declarations

17

are not untimely, and, instead, were properly filed in reply to defendants' response to plaintiff's two motions for partial summary judgment. (Pl.'s Br. in Opp'n to Defs.' Mot. to Strike the Decls. of Raj K. Chopra, Edward P. Norkus and Rajindar S. Sohal ("Opp'n Strike CNS") [130] at 1.) Plaintiff further avers that the Chopra declaration was timely filed in response to defendants' summary judgment motion. (*Id.*) Finally, with regard to the expert witness challenge, plaintiff contends that Chopra, Norkus, and Sohal may properly testify as lay witnesses under Rule 701 of the Federal Rules of Evidence. (*Id.*)

### A. Should the Chopra, Norkus, and Sohal Declarations be Excluded as Untimely Filed?

Under the Federal Rules of Civil Procedure, "[w]hen a motion is supported by affidavit, the affidavit shall be served with the motion . . . ." FED. R. CIV. P. 6(d). Analogous provisions of this Court's local rules provide similarly that, "[e]very motion presented to the clerk for filing shall be accompanied by a memorandum of law which cites supporting authority. If allegations of fact are relied upon, supporting affidavits must be attached to the memorandum of law." L.R. 7.1A(1), NDGa.

Based on these provisions, plaintiff argues that because the declarations of Chopra, Norkus, and Sohal which support plaintiff's two motions for partial summary judgment were filed as part of

plaintiff's reply after defendants had already responded to plaintiff's two motions for partial summary judgment, the declarations of Chopra, Norkus, and Sohal are untimely and should not be considered by the Court in ruling on summary judgment.[5] (Strike CNS at 4.) Defendants argue that, were the Court to allow these declarations, defendants would be unfairly prejudiced by a lack of opportunity to respond to plaintiff's delayed filings. (*Id.* at 5.)

Plaintiff contends that it properly filed the declarations of Chopra, Norkus, and Sohal in support of its reply briefs, as well as to address issues raised by defendants in their response briefs. (Opp'n Strike CNS at 2.) Plaintiff cites the unpublished decisions of *Kershner v. Norton*, No. 02-1887, 2003 U.S. Dist. LEXIS 14117, *4-5 (D.D.C. Aug. 14, 2003) and *Shah v. Clark Atlanta Univ., Inc.*, No. 1:97-CV-3786, 1999 U.S. Dist. LEXIS 22077, *30-33 (N.D. Ga. July 19, 1999), in support of its position that federal courts have consistently considered affidavits filed with reply briefs. (Opp'n Strike CNS at 3.)

While plaintiff is correct in asserting that both the *Kershner* and *Shah* courts considered affidavits attached to reply briefs,

_____

[5] The declarations of Norkus and Chopra were filed on June 15, 2005, just two days before plaintiff filed reply briefs on both of its pending motions for partial summary judgment. Sohal's affidavit was filed on June 17, 2005, the same day that plaintiff filed both of its reply briefs.

19

plaintiff misses an important distinction raised by both courts. Namely, the affidavits attached to the reply briefs at issue in *Kershner* and *Shah* were considered only because the affidavits were submitted, specifically, for the limited purpose of responding to matters raised in the responses filed by the opposing parties. That consideration of affidavits filed with reply briefs is quite different from the issue presented in this case. Unlike in the *Kershner* and *Shah* cases, where the affidavits submitted with the replies were used merely to counter a point made in the opposition's response, here the declarations submitted by plaintiff with its replies are not limited to addressing an argument initiated by defendants in their responses. Instead, they are offered and intended to replace inadequate evidentiary submissions offered in support of plaintiff's two motions for partial summary judgment. Stated differently, plaintiff offers the declarations attached to its replies as a substitution for declarations of Mr. Aufrichtig that defendants have in large part successfully challenged. See discussion *supra*.

As defendants correctly note, Rule 6(d) of the Federal Rules of Civil Procedure requires that affidavits in support of a motion for summary judgment be submitted with the motion in order to be considered. This rule is designed, indeed its purpose, is to insure that the party opposing a motion for summary judgment be given

20

sufficient time to respond to the affidavits filed by the moving party, thereby avoiding any undue prejudice. Justice is not served by allowing a moving party to unfairly surprise and prejudice the non-movant by producing evidence of new, substantive facts at the last minute when there is no opportunity for the non-movant to respond. This is precisely the kind of trial by ambush that the federal rules summarily reject.

Here, as a practical matter, unless the Court permitted the defendants to reply to plaintiff's reply, defendants would have no opportunity to respond to the evidence that plaintiff contends to be pivotal in deciding the motions at issue. In short, the procedure utilized by plaintiff, if allowed in every case, would greatly extend the time required to deal with a motion by the opposing party, and review thereof. This the Court cannot allow. Accordingly, on timeliness grounds, the Court **GRANTS** Defendants' Motion to Strike the Declarations and Expert Testimony of Raj K. Chopra, Edward P. Norkus and Rajindar S. Sohal [124].

**B.** **Should Chopra, Norkus, or Sohal's declarations and, ultimately, their testimony be excluded as undisclosed expert witness testimony?**

The Court does not have to reach, and does not dispositively reach, the question whether the testimony of the above witnesses would be excluded, had their declarations not been untimely tendered. Nevertheless, because the propriety of these witnesses' testimony

21

could have a bearing on the future litigation of this case, the Court notes that it has substantial doubts that the proffered testimony from the above witnesses would have been allowed, even had their declarations been attached to the original motions for summary judgment filed by plaintiff.

Specifically, defendants muster a persuasive argument that the declarations of Chopra, Norkus, and Sohal should be struck because the declarations constitute undisclosed expert testimony improperly introduced as opinion testimony by a lay witness in contravention of Federal Rules of Evidence 701 and 702. (Strike CNS at 6.) Defendants contend that the declaration testimony of Chopra, Norkus, and Sohal, and the documents referenced therein, constitute testimony "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." FED. R. EVID. 701. Defendants appear to have a pretty strong point with this argument.

Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

When a party intends to use an expert, the Federal Rules of Civil

AO 72A
(Rev.8/82)

Procedure require disclosure of that expert.  FED. R. CIV. P. 26(a)(2)
("a party shall disclose to other parties the identity of any person
who may be used at trial to present evidence under Rules 702, 703, or
705 of the Federal Rules of Evidence.").  In addition to disclosure,
the federal rules also require that the party using an expert
provide, ". . . a written report prepared and signed by the witness."
Among other things, this report must contain a complete statement of
all opinions to be expressed by the expert, the data and other
information considered in forming the expert's opinions, any exhibits
that will be used to summarize or support the expert's opinions, the
expert's qualifications, the amount of compensation that the expert
will be paid, and a listing of other cases in which the witness has
testified in the last four years. *See* FED. R. CIV. P. 26(a)(2)(B).
Further, in light of this federal mandate, the local rules of this
Court clearly state:

> Any party who desires to use the testimony of an expert
> witness shall designate the expert sufficiently early in
> the discovery period to permit the opposing party the
> opportunity to depose the expert and, if desired, to name
> its own expert witness sufficiently in advance of the close
> of discovery so that a similar discovery deposition of the
> second expert might also be conducted prior to the close of
> discovery.
>
> Any party who does not comply with the provisions of the
> foregoing paragraph <u>shall not be permitted to offer the
> testimony of the party's expert</u>, unless expressly
> authorized by court order based upon a showing that the
> failure to comply was justified . . .

23

AO 72A
(Rev.8/82)

L.R. 26.2C, NDGa (emphasis added). Given the rules requiring timely disclosure of expert witnesses and the fact that plaintiff indicated during discovery that plaintiff would not be utilizing any expert testimony, defendants argue that the declarations of these individuals must be struck. (Strike CNS at 16.)

Plaintiff counters that disclosure of Chopra, Norkus, and Sohal was not required because they are lay, not expert, witnesses. (Opp'n Strike at 10, 14.) Plaintiff contends that the declarations of Norkus and Sohal are not based on the kind of expertise or education that would render them expert witnesses, but, instead, constitute mere factual testimony about the results of studies conducted by each. (*Id.* at 12.) Moreover, to the extent Chopra's declaration contains some expert opinions, plaintiff argues that as an officer and owner of plaintiff corporation Tishcon, Chopra may testify as a "hybrid" expert witness—a kind of lay witness who nevertheless may express some expert opinions. (*Id.* at 16.) In addition, as to Chopra, plaintiff contends that plaintiff's initial disclosures listing Chopra as, among other things, an individual likely to have discoverable information on a variety of topics,[6] provided defendants

---

[6] The topics were: Newsletters discussing Coenzyme $Q_{10}$; Tishcon's Q-GEL product; the dissolution, absorption and bioavailability of Coenzyme $Q_{10}$ products in general and the literature regarding the same; animal studies relating to Coenzyme $Q_{10}$; cell culture studies of Coenzyme $Q_{10}$ products; and the effect of particle size on absorption.

24

with ample notice of Chopra's technical and scientific knowledge about issues in this case. (*Id.* at 16.)

In this circuit, if a party fails to disclose and identify an expert witness during discovery, the district court may exclude that expert's affidavit and prohibit that witness from testifying at trial. *See Hancock v. Hobbs*, 967 F.2d 462, 468 (11th Cir. 1992). Consequently, if Norkus, Sohal, or Chopra's testimony is deemed to be expert testimony, it is subject to exclusion because the plaintiff never designated them as experts and defendants were therefore not on notice during discovery that their opinions should be probed on cross-examination or be contradicted with expert testimony proffered by the defendants.

Federal Rule of Evidence 701 was amended in 2000 specifically to address the issue presented here, namely, "to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing." FED. R. EVID. 701, Advisory Comm. Notes, 2000 Amendments. The Advisory Committee Notes to Rule 701 go on to explain: "lay testimony 'results from a process of reasoning familiar in everyday life' while expert testimony 'results from a process of reasoning which can be mastered only be specialists in the field.'" Under the amendment, a witness' testimony must be scrutinized under the rules regulating expert opinion to the extent that the witness is providing

AO 72A
(Rev.8/82)

testimony based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

As noted, lay testimony "results from a process of reasoning familiar in everyday life," whereas expert testimony "results from a process of reasoning which can only be mastered by specialists in the field." A review of the studies and articles attached to these three declarations makes it very difficult to argue that the declarants' testimony about these materials employs a reasoning that is familiar in everyday life. Clearly, on these very technical topics, the three declarants are utilizing reasoning that only a specialist in the field could master. Thus, to the extent that these declarants would offer testimony about the validity of the tests or studies, such testimony would clearly seem to be expert in nature.

There is a possible theory under which these declarants' testimony might not constitute expert testimony. Specifically, plaintiff argues that some of defendants' false statements were contained in assertions that certain studies or tests existed, or did not exist, with regard to a particular aspect of the performance of plaintiff's or defendants' product. Accordingly, if a witness's testimony were nothing more than a confirmation of the fact that a given test or study existed--not whether the study or test results were valid--arguably the witness's testimony would not be that of an expert. Yet, this argument succeeds only if a lay finder of fact

26

could review the test or study and readily understand its meaning. If there is a dispute about what a particular test or study means or says, such that one needs an expert "interpreter" to translate the study to the lay finder, then plaintiff finds itself once again in need of an expert witness.  From a review of the documents that plaintiff has attached to its declarants' testimony, it seems to this Court that translation by an expert of the specialized, scientific language in these reports is necessary.

Thus, while the Court does not decide dispositively, it appears that the testimony of Norkus and Sohal would not be admissible in a motion for summary judgment or at trial.  With regard to Chopra, plaintiff argues that his testimony is exempt from the expert disclosure requirement because he is Chairman of the Board and CEO of Tishcon Corp.  Specifically, plaintiff bases its argument in this regard on the Eleventh Circuit's reading of the Advisory Committee Notes to Rule 701 of the Federal Rules of Evidence.  To wit, this circuit recognizes that, even after the 2000 amendments to Rule 701, owners and officers of businesses may testify without the necessity of qualifying as an expert. *See Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co., Ltd.,* 320 F.3d 1213 (11th Cir. 2003).  Indeed, the Eleventh Circuit has read the Advisory Committee Notes to Rule 701 to mean "that opinion testimony by business owners and officers is one of the prototypical areas intended to remain undisturbed." *Id.*

27

at 1222.

Yet, this exception for an owner or officer of a business, by its terms, appears limited, and logically so, to business matters within the company, such as losses, profits, income, expenses, and the like. This is why the Advisory Committee Notes on the amendments made to Rule 701 in 2000 provide, "most courts have permitted the owner or officer of a business to testify <u>to the value or projected profits of the business</u>, without the necessity of qualifying the witness as an <u>accountant, appraiser, or similar</u> expert."[7] FED. R. EVID. 701, Advisory Comm. Notes, 2000 Amendments (emphasis added). There is no allowance in the Advisory Committee Notes for an owner or officer of a business to testify about scientific matters without separately being disclosed as an expert. The Court can discern no good reason why the owner of a business, by virtue of his status, should automatically be conferred with authority to opine on the validity of scientific studies. While an owner may have the expertise to offer such information, this undertaking would presumably transform the owner into an expert in most situations.[8]

---

[7] In its brief in opposition to defendants' motion to strike plaintiff omits the underlined portion of the advisory committee note. This omission does not strike the Court as consistent with plaintiff counsel's obligation of candor toward the tribunal. (See Opp'n Strike CNS at 15.)

[8] Of course, to the extent that Chopra's state of mind or knowledge is an issue, either as to plaintiff's claims or defendants'

The Court is aware that the plaintiff did make some special disclosure that Chopra was an "individual likely to have discoverable information" about certain matters that might be at issue in the case.[9]   Thus, although Chopra was not formally designated as an expert, it may be that defendants were effectively on notice of the matters about which he might opine.   Were that true, the Court would then have to decide whether it was appropriate to bend the long-standing rule in this district requiring explicit disclosure of an expert, along with an expert report.   At this juncture, however, the facts and contentions are too garbled for the Court to determine how such an argument might play out.   In short, the Court has significant doubts that the three declarants at issue would be allowed to offer expert opinions at any trial.

**III. Parties Motions for Partial Summary Judgment**

Having decided the above, the Court is left to consider the four pending motions for partial summary judgment:   Plaintiff Tishcon

counterclaims, Chopra's beliefs as to the validity of a particular study might be admissible, even though Chopra was not properly designated as an expert.

[9] Specifically, in response to the question, "[p]rovide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims and defenses," plaintiff replied, "Raj K. Chopra, Chief Executive Officer of Tishcon Corp.," and then proceeded to spell out the scientific and technical matters that plaintiff contends Mr. Chopra has knowledge of." (Pl.'s Initial Disclosures [20] at 7, 10-12.)

AO 72A
(Rev.8/82)

Corporation's Motion for Partial Summary Judgment on Defendants' Liability [74]; Plaintiff Tishcon Corporation's Motion for Partial Summary Judgment on Defendants' Counterclaim [77]; Defendants Soundview Publications, Inc. (d/b/a Healthy Resolve), Garret W. Wood, and Soundview Communications, Inc.'s Motion for Partial Summary Judgment [87]; and, lastly, Nan Kathryn Fuchs, Ph.D.'s and Dr. Robert Jay Rowen, M.D.'s Motion for Partial Summary Judgment [88].

With regard to plaintiff's motion for partial summary judgment on defendants' liability and plaintiff's motion for partial summary judgment on defendants' counterclaim; as the Court has struck the declarations offered by plaintiff in support of its motions for partial summary judgment and as it appears that those motions cannot succeed, at this point, without the declarations and proffered evidence the Court **DENIES** Plaintiff Tishcon Corporation's Motion for Partial Summary Judgment on Defendants' Liability [74] and **DENIES** Plaintiff Tishcon Corporation's Motion for Partial Summary Judgment on Defendants' Counterclaim [77].

With regard to defendants' motions for partial summary judgment, to some extent, a review of these motions is likewise difficult on the present pleadings, given that the Court has struck the declarations offered by plaintiff. Moreover, given the state of the record at this time, it does not seem prudent to make firm determinations on any of the parties' summary judgment motions at

30

this time.   As there will be a trial in this case, absent a settlement, these matters can be revisited at that time. Accordingly, the Court **DENIES** Defendants Soundview Publications, Inc. (d/b/a Healthy Resolve), Garret W. Wood, and Soundview Communications, Inc.'s Motion for Partial Summary Judgment [87] and **DENIES** Nan Kathryn Fuchs, Ph.D.'s and Dr. Robert Jay Rowen, M.D.'s Motion for Partial Summary Judgment [88].

## IV.   Future Proceedings

Given the complexity of the record, a trial of this case will be facilitated by a more detailed pretrial Order than would usually be filed.   In such an Order, for example, the Court would want the plaintiff to list each false statement by defendants that it is asserting and to set out, for each statement, the evidence that it would be offering in support of its contention that the statement by defendant was false.   For each such statement, defendants would list the contrary evidence that they are offering and/or succinct legal arguments as to why the statement is not actionable. Plaintiff would, in this same list, indicate any contrary legal arguments.

Instead of directing the filing of such an Order now, however, the Court believes that the parties would benefit from a mediation period.   Both parties appear to have certain vulnerabilities in this litigation and a settlement would appear to be prudent.   The Court will **STAY** this litigation for **ninety (90) days** to allow the parties

31

AO 72A
(Rev.8/82)

to mediate the action.   The parties shall file a status report indicating the date of mediation and any other pertinent information by **March 16, 2006**.  This action shall be **ADMINISTRATIVELY TERMINATED** to permit the parties to mediate the action.  The Clerk shall reopen the action on **May 15, 2006**, unless the parties have indicated to the Court that the action has settled or unless the Court otherwise extends this mediation period.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff Tishcon Corporation's Motion for Partial Summary Judgment on Defendants' Liability [74]; **DENIES** Plaintiff Tishcon Corporation's Motion for Partial Summary Judgment on Defendants' Counterclaim [77]; **DENIES** Defendants Soundview Publications, Inc. (d/b/a Healthy Resolve), Garret W. Wood, and Soundview Communications, Inc.'s Motion for Partial Summary Judgment [87]; **DENIES** Nan Kathryn Fuchs, Ph.D.'s and Dr. Robert Jay Rowen, M.D.'s Motion for Partial Summary Judgment [88]; **GRANTS in part and DENIES in part** Defendants Soundview Communications, Inc.'s and Soundview Publications, Inc.'s Motion to Strike Declaration of Peter D. Aufrichtig, Esq. and to Exclude Hearsay Documents Submitted in Conjunction with Plaintiff's Motion for Partial Summary Judgment on Defendants' Counterclaim [94]; **GRANTS in part and DENIES in part** Defendants' Motion to Strike Declaration

AO 72A
(Rev.8/82)

of Peter D. Aufrichtig and to Exclude Hearsay Documents [100]; AND **GRANTS** Defendants' Motion to Strike the Declarations and Expert Testimony of Raj K. Chopra, Edward P. Norkus and Rajindar S. Sohal [124].

SO ORDERED, this ___14___ day of February, 2006.


JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

33